UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CATHERINE KLINE,

                        Plaintiff,                         17 Civ. 1870 (NSR)

               -v-                                 **ORDER**

MARY BRIZZI and GPX SEARCH, LLC,

                        Defendants.
----------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

      By letter dated August 2, 2017, the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement and submitted the attached Settlement Agreement for the Court's review. The Court directed the parties to submit an executed agreement, which was received on August 16, 2017.

      The Court, having reviewed the parties' agreement, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic Inc.*, 11 Civ. 5917 (JMF), 2012 WL 2700381, at *1-2 (S.D.N.Y. July 5, 2012).

      Further, the Court finds that the proposed award of attorney's fees is not unreasonable given counsel's actual work on the case and experience in industrial labor relations. *See, e.g., Bogosian v. All Am. Concessions*, No. 06–CV–1633 (RRM) (RML), 2012 WL 1821406, at *2 (E.D.N.Y. May 18, 2012) (discussing the twelve factors that a court should consider in assessing the reasonableness of attorney's fees) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n*

*v. Cnty. of Albany*, 522 F.3d 182, 186, 190 (2d Cir.2008)). Accordingly, the Court approves the settlement and dismisses the case with prejudice.

Finally, the Court finds that there is no basis to keep the settlement confidential in light of the common law right of access to judicial documents. *See Wolinsky*, 2012 WL 2700381, at *3-4 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases).

The Clerk of the Court is directed to close this case. All pending motions are moot.

SO ORDERED.

Dated: White Plains, New York
       August 18, 2017

                                                  NELSON S. ROMÁN
                                                  United States District Judge



777 Westchester Ave, Suite 101
White Plains, New York 10604
(O) (914) 218-6190
(F) (914) 206-4176
www.ElHaglaw.com
Jordan@Elhaglaw.com

*The Firm that Fights for Workers' Rights!*

August 16, 2017

**Via ECF**
Hon. Nelson S. Román
U.S. District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    **Request for FLSA approval**
              **Kline v. Brizzi, et al.**
              **Index No.: 7:17-CV-01870 (NSR)**

Dear Hon. Judge Román:

    As per Chamber's instruction, I am attaching the executed FLSA agreement for your approval. This agreement is the executed version of the agreement that was previously submitted via ECF.

    Thank you for your time and consideration to this matter.

                                                      Respectfully submitted,

                                                      Jordan El-Hag, Esq.
                                                      Counsel for Plaintiff

cc: Josh Harrison, (via ECF)

1

Case 7:17-cv-01870-NSR   Document 18   Filed 08/21/17   Page 4 of 14
Case 7:17-cv-01870-NSR   Document 17-1   Filed 08/16/17   Page 1 of 11
Case 7:17-cv-01870-NSR   Document 16-1   Filed 08/02/17   Page 1 of 14

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Plaintiff Catherine Kline ("Kline"), her agents, assigns, heirs, successors, executors, and administrators (collectively "Plaintiff"), and GXP Search, L.L.C., on behalf of itself, and any and all of its heirs, executors, administrators, subsidiaries, divisions, affiliates, predecessors, successors, and other related entities, and all of their current and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, predecessors, assigns, and representatives, in their individual and/or representative capacities, including but not limited to Mary Brizzi (collectively, "Defendant"). This Agreement is made as a compromise between Plaintiff and Defendant (each, individually, a "Party," and, collectively, the "Parties") for the complete, and final, settlement of the claims released in this Agreement.

WHEREAS, Plaintiff was employed by Defendant between November 2015 and January 2017;

WHEREAS, on or about March 14, 2017, Plaintiff filed, in the United States District Court for the Southern District of New York, a Complaint in an action entitled "Catherine Kline versus GXP Search, L.L.C. and Mary Brizzi (the "Complaint"), bearing Docket Number 17-CV-01870-NSR, which asserted violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

WHEREAS, Defendant denies all allegations, claims, or charges made by Plaintiff in the Complaint and denies that it is liable, or owes any damages, to Plaintiff.

WHEREAS, the Parties have engaged in arms-length negotiations regarding the allegations, claims, and charges made by Plaintiff in the Complaint with the assistance of their respective counsel;

Case 7:17-cv-01870-NSR   Document 18   Filed 08/21/17   Page 5 of 14
Case 7:17-cv-01870-NSR   Document 17-1   Filed 08/16/17   Page 2 of 11
Case 7:17-cv-01870-NSR   Document 16-1   Filed 08/02/17   Page 2 of 14

WHEREAS, the Parties recognize the outcome in the Complaint is uncertain and achieving a final result through litigation requires additional risk, discovery, time, and expense;

WHEREAS, a settlement in principle of any and all outstanding wage and hour and contract matters was reached by and between the parties;

WHEREAS, in order to avoid the expense, burden, and delay of continued litigation, and without admitting or acknowledging any liability by Defendant, the Parties now wish to affect a complete resolution and settlement of all of Plaintiff's claims, and freely and voluntarily enter into this Agreement for that purpose; and

WHEREAS, this Agreement has been prepared by the respective Parties;

NOW, THEREFORE, Plaintiff and Defendant, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which are hereby acknowledged, agree as follows:

1. No Admission of Liability

By entering into this Agreement, Defendant does not in any way admit liability or wrongdoing toward Plaintiff, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability against Defendant under any law, ordinance, rule, regulation or order with respect to any claims that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment and/or termination of employment with or by Defendant. Defendant has consistently denied, and continues to deny, each and every allegation of wrongdoing made by Plaintiff, and it has agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

Case 7:17-cv-01870-NSR   Document 18   Filed 08/21/17   Page 6 of 14
Case 7:17-cv-01870-NSR   Document 17-1   Filed 08/16/17   Page 3 of 11
Case 7:17-cv-01870-NSR   Document 16-1   Filed 08/02/17   Page 3 of 14

2.  Consideration

In consideration for Plaintiff entering into this Agreement, Defendant agrees to pay to Plaintiff and Plaintiff's counsel the total gross amount of $27,500.00 (Twenty-Seven Thousand Five Hundred Dollars and 00/100) (the "Settlement Amount"). The Settlement Amount is intended to include all payments to Plaintiff, including, but not limited to, Plaintiff's attorneys' fees and all other costs and expenses.

Defendant shall not be obligated to distribute the Settlement Amount, or any portion thereof, until every one of the following conditions precedent is met:

(i) Plaintiff has executed this Agreement;

(ii) Judge Román presiding over this matter in the U.S. District Court has approved the Parties' settlement;

(iii) Plaintiff has provided Defendant a properly executed IRS Form W-9;

(iv) Plaintiff has provided Defendant a properly executed IRS Form W-4; and

(v) Plaintiff's counsel has provided Defendant a properly executed IRS Form W-9.

Defendant shall distribute the Settlement Amount by delivering to Plaintiff's counsel as follows:

(i) Within thirty (30) days after the completion of the last of the conditions precedent set forth in the preceding paragraph, Defendant shall deliver the Settlement Amount to Plaintiff's counsel as follows:

(a) Two (2) checks made payable to Plaintiff. One in the amount of Eight Thousand Eight Hundred Eighty Six Dollars and Sixty Seven Cents ($8,886.67) (a) attributable to alleged lost wages, (b) deemed taxable wage income, and (c) in a net amount that is less ordinary payroll withholdings and deductions (a "Wage Payment").

Case 7:17-cv-01870-NSR   Document 18   Filed 08/21/17   Page 7 of 14
Case 7:17-cv-01870-NSR   Document 17-1   Filed 08/16/17   Page 4 of 11
Case 7:17-cv-01870-NSR   Document 16-1   Filed 08/02/17   Page 4 of 14

The other check in the amount of Eight Thousand Eight Hundred Eighty Six Dollars and Sixty Seven Cents ($8,886.67) (a) attributable to alleged liquidated damages, (b) deemed taxable, non-wage income, and (c) excluded from ordinary payroll withholdings and deductions (a "Liquidated Damages Payment").

(b)     One (1) check payable to Plaintiff's counsel in the amount of Nine Thousand Seven Hundred Twenty Six Dollars and Sixty Six Cents ($9,726.66) as attorneys' fees and costs requested by Plaintiff to be paid on her behalf (the "Attorneys' Fee Payment").

Upon receipt of the Settlement Amount, Plaintiff's Counsel shall file the stipulation of dismissal annexed hereto as Exhibit A with the Court. Upon the filing of the executed stipulation, Plaintiff's counsel shall release the Settlement Checks to Plaintiff.

At the appropriate time, Defendant will issue an IRS Form W-2 for the Wage Payment, an IRS Form 1099 for the Liquidated Damages Payment, and an IRS Form 1099 to Plaintiff's counsel for the Attorneys' Fee Payment.

Defendant makes no representation or warranty regarding the taxability of any portion of the Settlement Amount or any payments made therefrom, and Plaintiff and Plaintiff's counsel agree they have not relied on any express or implied representations by Defendant or any person acting on its behalf concerning the tax implications of the payments made under this Agreement. Plaintiff and Plaintiff's counsel separately agree that each of them individually shall (i) bear sole responsibility for any tax liability for any payments made to her or it (except for legally-required payroll deductions) and (ii) indemnify Defendant and hold Defendant harmless for any and all taxes, penalties, or interest that may be assessed by any taxing authority on any payment made to her or it, or arising from the allocation of the Settlement Amount. However, El-Hag &

Case 7:17-cv-01870-NSR   Document 18   Filed 08/21/17   Page 8 of 14
Case 7:17-cv-01870-NSR   Document 17-1   Filed 08/16/17   Page 5 of 11
Case 7:17-cv-01870-NSR   Document 16-1   Filed 08/02/17   Page 5 of 14

Associates, P.C. shall not be responsible for any indemnification of the Defendant whatsoever for any tax related actions concerning the payments made herein to Plaintiff, and Plaintiff shall not be responsible for any indemnification of the Defendant whatsoever for any tax related actions concerning the payments made herein to El-Hag & Associates, P.C.

Plaintiff agrees and affirms that the Settlement Amount shall constitute full and final consideration and payment to be provided to her as well as to her counsel under this Agreement, and that neither she nor her legal counsel will seek any further consideration or compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement.

3.  **Stipulation of Dismissal with Prejudice**

Plaintiff hereby authorizes and directs her attorneys to execute and file with the Court the Stipulation of Dismissal with Prejudice annexed hereto and made a part hereof as Exhibit A, and to execute any other documents necessary to complete such dismissal with prejudice by the Court.

4.  **No Other Actions Or Proceedings**

Plaintiff represents that, other than the Complaint, she has neither filed nor commenced nor had filed or commenced on her behalf with any court, government agency, or other tribunal action, complaint, charge, grievance, arbitration or proceeding against Defendant.

5.  **Plaintiff's Release of Claims Against Defendant with Prejudice**

In exchange for the consideration above, Plaintiff releases with prejudice Defendant and all of its current and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, predecessors, divisions, affiliates, parent, assigns, and representatives, in their individual and/or representative capacities, including but not limited to

Case 7:17-cv-01870-NSR   Document 18   Filed 08/21/17   Page 9 of 14
Case 7:17-cv-01870-NSR   Document 17-1   Filed 08/16/17   Page 6 of 11
Case 7:17-cv-01870-NSR   Document 16-1   Filed 08/02/17   Page 6 of 14

Mary Brizzi, from any and all claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints, or suits of any type or nature which relate to the manner and method of or amount of the payment of her compensation by Defendant, including but not limited to claims for unpaid wages, unpaid commissions, overtime, spread of hours, or other compensation under any federal, state, or local law, including but not limited to the Fair Labor Standards Act (29 U.S.C. § 201, et seq.) and the New York Labor Law (New York Labor Law §§ 191, et. seq., and relevant sections of N.Y. Comp. Codes R. & Regs.), and any other claims for compensation alleged in the Complaint or which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, penalties, other compensation or benefits, claims on account of unpaid wages, overtime and/or other compensation, attorneys' fees and costs, whether known or unknown, from the beginning of the world through the date of Plaintiff's execution of this Agreement.

6. **No Employment**

Plaintiff acknowledges and agrees that she will not apply for or otherwise seek or accept employment with Defendant or any of its affiliates, subsidiaries, or successors. Plaintiff further agrees that Defendant's failure to hire her shall not constitute a violation of any local, state, or federal law, order, or regulation, and that Defendant and/or its affiliates or successors are entitled to terminate Plaintiff's employment without legal consequences in the event Plaintiff obtains employment with Defendant and/or its affiliates, subsidiaries, or successors. Plaintiff further agrees that any future refusal by Defendant or any of its affiliates, subsidiaries, or successors to employ her or directly retain her services based on this Paragraph is a legitimate and non-

Case 7:17-cv-01870-NSR   Document 18   Filed 08/21/17   Page 10 of 14
Case 7:17-cv-01870-NSR   Document 17-1   Filed 08/16/17   Page 7 of 11
Case 7:17-cv-01870-NSR   Document 16-1   Filed 08/02/17   Page 7 of 14

retaliatory business reason for such refusal, and that such reason shall be conclusive and binding on any court or trier of fact.

7.  **Remedies for Breach of Agreement**

Breach of any of the provisions of this Agreement by any party to this Agreement shall be deemed a material breach. In the event of any such breach, the non-breaching party shall be entitled to receive damages, settlement monies, if any, already paid by Defendant, attorneys' fees, costs and/or injunctive relief from a court of competent jurisdiction as well as the right to forgo providing and/or to prohibit the release of any future settlement payments.

8.  **Applicable Law and Continuing Jurisdiction**

This Agreement shall be governed by, interpreted, construed, and enforced in accordance with the laws of the State of New York. The Parties consent to the exclusive jurisdiction of the U.S. District Court for the Southern District of New York for, and agree that such Court is the proper venue to resolve any dispute arising under or concerning this Agreement.

9.  **Interpretation and Enforceability**

If any language or provision of this Agreement is held to be illegal or unenforceable, such language or provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such language or provision shall have no effect upon, and shall not impair the enforceability of, any other language or provision of this Agreement. Further, the Parties agree that there shall be no presumption that any of the provisions of this Agreement should be more strictly construed against the party who prepared the Agreement as the Parties have fully participated in the preparation of all provisions of this Agreement.

Case 7:17-cv-01870-NSR   Document 18    Filed 08/21/17   Page 11 of 14
Case 7:17-cv-01870-NSR   Document 17-1   Filed 08/16/17   Page 8 of 11
Case 7:17-cv-01870-NSR   Document 16-1   Filed 08/02/17   Page 8 of 14

10. Medicare.

The Parties have considered Medicare's interest in this matter, if any, and Plaintiff attests that the claims made and released herein are not related to any illness or injury for which she would apply or receive Medicare benefits. Plaintiff understands that she is required by law to disclose this information to Defendant and its attorneys in connection with this Agreement. Plaintiff understands that failure to do so may result in penalties being assessed against her, the parties, and attorneys. Plaintiff declares and warrants that she is aware of the requirements of the Medicare Secondary Payer Act ("MSPA"). Plaintiff understands that Medicare has an interest in recovering any benefits paid when it is used as a source of secondary payment. Plaintiff therefore agrees to release, hold harmless, and indemnify Defendant and its attorneys, from any remedies, reprisals, or penalties that result from her failure to disclose or release her status as a Medicare beneficiary. In the event that any of the above information provided by Plaintiff is false or in any way incorrect, she shall be solely liable for any and all actions, causes of actions, penalties, claims, costs, services, compensation or the like resulting from these inaccuracies. Plaintiff acknowledges that Medicare may require her to exhaust the entire settlement proceeds on Medicare covered expenses should she become Medicare eligible within thirty (30) months as to the claims made and released herein. Plaintiff waives any claims for damages, including a private cause of action provided in the MSPA, 42 U.S.C. Section 1395y(b)(3)(A), should Medicare deny coverage for any reason, including the failure to establish a set aside allocation to protect Medicare's interest.

11. Headings.

The headings in this Agreement are for the convenience of Plaintiff and Defendant and are not intended to modify the terms of the Agreement.

Case 7:17-cv-01870-NSR   Document 18   Filed 08/21/17   Page 12 of 14
Case 7:17-cv-01870-NSR   Document 17-1   Filed 08/16/17   Page 9 of 11
Case 7:17-cv-01870-NSR   Document 16-1   Filed 08/02/17   Page 9 of 14

12. **Knowing and Voluntary Agreement**

Plaintiff agrees and affirms that:

a. She has carefully read and fully understands all of the provisions of this Agreement;

b. She was advised and hereby is advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;

c. She has been given a reasonable time to consider her rights and obligations under this Agreement and to consult with an attorney before executing it;

d. She has consulted with her attorney of choice before executing this Agreement;

e. This Agreement is legally binding, and by signing it, Plaintiff understands that she is giving up and waiving certain rights and remedies, including her right to pursue the claims raised in this Complaint or any other claims of the same or similar nature raised by others on their and/or on her behalf in other complaints or in other proceedings or forums;

f. No promise or representation of any kind or character not contained in the Agreement has been made by any of the Parties or by anyone acting on their behalf to induce this Agreement;

g. Plaintiff has not been forced or pressured in any way to sign this Agreement;

h. Plaintiff is, through this Agreement, releasing Defendant from any and all claims identified in the Release of this Agreement that she has or may have against it based on the Complaint in exchange for the full and final consideration described herein;

i. The consideration described herein is in addition to any consideration or payment that Plaintiff otherwise would have received if she did not sign this Agreement;

Case 7:17-cv-01870-NSR   Document 18   Filed 08/21/17   Page 13 of 14
Case 7:17-cv-01870-NSR   Document 17-1   Filed 08/16/17   Page 10 of 11
Case 7:17-cv-01870-NSR   Document 16-1   Filed 08/02/17   Page 10 of 14

j. Plaintiff knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them; and

k. In addition to the above, Plaintiff hereby acknowledges and agrees that she has been given a period of at least 21 days within which to consider the Agreement; and that, having considered and executed the Agreement, she may revoke the Agreement for a period of seven days following the execution of the Agreement; and that the Agreement shall not become effective or enforceable until the revocation period has expired.

13. Legal Expenses

Except for any payments provided for in this Agreement, each Party hereto shall each bear her or its own attorneys' fees and costs arising from the actions of her or its own counsel, experts, consultants, or any other person, if any, in connection with the Complaint, this Agreement, and related matters.

14. Entire Agreement

This Agreement sets forth the entire agreement between Plaintiff and Defendant regarding the allegations, claims, and charges made by Plaintiff in the Complaint, and fully supersedes any and all prior or contemporaneous agreements or understandings between them regarding the allegations, claims, and charges made by Plaintiff in the Complaint. This Agreement may not be altered, amended, modified, superseded, canceled, or terminated except by an express written agreement duly executed by Plaintiff and Defendant, or their respective attorneys, which makes specific reference to this Agreement.

Case 7:17-cv-01870-NSR Document 18 Filed 08/21/17 Page 14 of 14
Case 7:17-cv-01870-NSR Document 17-1 Filed 08/16/17 Page 11 of 11
Case 7:17-cv-01870-NSR Document 16-1 Filed 08/02/17 Page 11 of 14

15. Counterparts

This Agreement may be executed in several counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document.

I HAVE READ THIS **CONFIDENTIAL RELEASE AND SETTLEMENT AGREEMENT** AND UNDERSTANDING **ALL OF ITS TERMS, I FREELY AND** VOLUNTARILY SIGN IT **INTENDING TO BE BOUND BY ALL OF ITS TERMS.**

WHEREFORE, the undersigned subscribe to this Agreement, as it applies to each, as of the date set forth below.

**AGREED TO:**
GXP Search, LLC

By: _____

Title:
Dated: August 14, 2017

_____
Catherine Kline
Dated: _____ 2017

**SO ORDERED:**

_____ 8/17/2017

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE